IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00417-EWN-MJW

KEITH C. BROOKS, JR.,

Plaintiff,

v.

RON JOHNSON [sic], Physician's Assistant,
JUDY FENDER, Administrator,
CORRECTIONAL HEALTHCARE MANAGEMENT INC., and
EL PASO COUNTY SHERIFF, TERRY MAKETA,

Defendants.

---

**RECOMMENDATIONS ON
COUNTY DEFENDANT'S MOTION TO DISMISS (Docket No. 20)
and
MEDICAL DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT, FOR FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES (Docket No. 35)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to a General Order of Reference to United States Magistrate Judge (Including Dispositive Motions) issued by Chief Judge Edward W. Nottingham on April 24, 2007. (Docket No. 10).

The pro se incarcerated plaintiff, Keith C. Brooks, Jr., asserts the following in his Prisoner Complaint which is brought pursuant to 42 U.S.C. § 1983 (Docket No. 3). Plaintiff suffered a gunshot wound to his right buttock on October 17, 2005, and the bullet, which was in several fragments, was lodged in his hip and lower back. He was released from Memorial Hospital on October 20, 2005, into the custody of the El Paso

County Sheriff's Department. Named as defendants are Ron Johnsen, Physician's Assistant; Judy Fender, Administrator; Correctional Healthcare Management, Inc.; and El Paso County Sheriff, Terry Maketa. These defendants knew of the plaintiff's medical condition, the nature of the injury, and the alleged circumstances under which plaintiff suffered the injury. Plaintiff made several attempts to notify the medical department about his condition. During visits, defendants denied plaintiff's several requests for treatment that plaintiff medically needed, which constitutes deliberate indifference that gives rise to cruel and unusual punishment in violation of plaintiff's Eighth Amendment rights. More specifically, plaintiff was not given adequate medication to relieve pain and was denied care and crutches knowing that he had a fractured hip and that walking aggravated the injury. Defendant Johnsen forced plaintiff to walk without support and refused to allow pain medication to be taken. Defendant Fender also knew of the injury and the refusal of treatment and intentionally ignored plaintiff's several grievances about the inadequate treatment. Defendant Correctional Healthcare Management failed to have in place a policy or grievance procedure that would allow plaintiff or other inmates to remedy the wrongs and denial of such crucial medical treatment to serious medical needs and failed to properly supervise subordinates who are causing and directly responsible for the wrongful acts committed by its employees. Defendant Sheriff Maketa established a policy and custom that has denied the plaintiff and other inmates crucial medical treatment to serious medical needs. In addition, there is no grievance policy or procedure to remedy denial of proper medical treatment.

  Plaintiff made several requests for treatment over at least a four-week period

and suffered substantial physical injury, pain and suffering that increased significantly over a long period of time, and mental anguish and emotional distress. He seeks $800,000 in compensatory damages.

Now before the court for a report and recommendation are the following two dispositive motions: (1) the County Defendant's [defendant El Paso County Sheriff Maketa] Motion to Dismiss (Docket No. 20) and (2) the Medical Defendants' [defendants Johnsen, Fender, and Correctional Healthcare Management, Inc.] Motion to Dismiss, or in the Alternative Motion for Summary Judgment, for Failure to Exhaust Administrative Remedies (Docket No. 35). Plaintiff filed a response to each motion (Docket Nos. 34 and 44), and defendants filed replies (Docket Nos. 42 and 46). The court has reviewed these motion papers and has considered applicable Federal Rules of Civil Procedure, case law, and statutes, as well as the court's file. The court now being fulling informed makes the following findings, conclusions of law, and recommendations.

Defendant Maketa moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the following grounds: plaintiff failed to exhaust his administrative remedies when he failed to appeal any of his grievances; plaintiff fails to state a claim upon which relief could be granted because he has improperly alleged imputed negligence to Maketa by couching his allegations in terms of vicarious liability for alleged negligence of his servants, employees, and/or agents; plaintiff fails to state a claim because it can be argued that the claimed actions of the employees of the Sheriff's Office were merely negligent, which does not state a constitutional violation;

plaintiff's conclusory allegations, unsupported by facts, are insufficient to state a claim under § 1983; plaintiff has not alleged that Maketa was personally involved or even present at the time the claimed events took place; mere status as a supervisor is not sufficient, in and of itself, to hold an individual liable; and plaintiff has not alleged an "affirmative link" between the alleged constitutional violation and Maketa's participation or failure to supervise.

The Medical Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative entry of summary judgment pursuant to Fed. R. Civ. P. 56 for failure to exhaust administrative remedies.

Rule 12(b)(1):

> empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).
>
> Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *See id.* at 1003. A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56. *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp. 2d 1091, 1094-95 (D. Colo. 2001).

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 127 S.Ct. at 1974 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider,

493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S.Ct. at 1974).

Rule 56(c) provides that summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial."  Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)).  "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  Fed. R. Civ. P. 56(e)(2).  See Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003).  However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. . . .  The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but '"the content or substance of the evidence must be admissible."' . . . Hearsay testimony that would be inadmissible at trial cannot be used

to defeat a motion for summary judgment because 'a third party's description of a witness' supposed testimony is "not suitable grist for the summary judgment mill."'" Adams v. American Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000). See Wright-Simmons v. City of Oklahoma City, 155 F.3d 1264, 1268 (10th Cir. 1998).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp.2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S.

519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . .  At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant."  Id.

The Prison Litigation Reform Act of 1995 ("PLRA"), *inter alia*, amended 42 U.S.C. § 1997e(a) to require a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions.    Section "1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."  Porter v. Nussle, 534 U.S. 516, 520 (2002).  "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."  Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 741 (2001)).  The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." Booth, 532 U.S. at 741, n.6.  "In *Booth*, the Supreme Court explained that one of the purposes of the exhaustion requirement is to force an inmate to go through the administrative process which in turn might afford prison officials the opportunity to take some corrective action that would preclude litigation."  Beaudry v. Corrections Corp. of Am., 331 F.3d 1164, 1167 (10th Cir. 2003).

The Supreme Court recently held that "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or

demonstrate exhaustion in their complaints." Jones v. Bock, 127 S.Ct. 910, 921 (2007). "[T]he burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts v. Barreras, 484 F.3d 1236, 1241 (2007).

Here, all of the defendants assert that the plaintiff has failed to exhaust his administrative remedies because he failed to appeal the responses to his grievances. In support of their motion to dismiss or for summary judgment, the Medical Defendants have submitted the Declaration of Charles C. Greenlee, Legal Advisor to the El Paso County Sheriff, the applicable section of the Inmate Handbook concerning the grievance procedure for the El Paso County Criminal Justice Center, and copies of the five grievances filed by plaintiff that arguably relate to the medical treatment which serves as the basis for his claims in this case. A response is written on the bottom of each of the grievances, along with notations as to the date, and in one instance the time, it was returned to the plaintiff. According to the grievance procedure contained in the Inmate Handbook, a copy of which was given to plaintiff at the time he began his incarceration at the facility:

> If the inmate is not satisfied with the response, he is entitled to one level of appeal. The inmate must use the Inmate/Staff Communication Form provided by staff personnel. When this appeal is submitted, it must include a completed copy of the initial complaint and its response. The inmate must write on the appeal form, why the response was not satisfactory.
>
> - This appeal will be directed to a staff member who is one rank higher than the staff member who gave the first response to the inmate. Every inmate is only entitled to one level of appeal. Time limitations on appeals will be the

same as that of the initial grievance.[1]

(Docket No. 35-2 at 6). According to the Declaration of Charles C. Greenlee, plaintiff failed to file an appeal regarding any of the responses given to his five medical grievances as required by the grievance procedure. (Docket No. 35-2 at 2, ¶ 7). Therefore, it is asserted that the plaintiff did not exhaust his administrative remedies, and his claims should be dismissed. Defendant Maketa makes the same argument in his motion to dismiss, albeit without any supporting documentation and/or affidavit(s) such as those accompanying the Medical Defendants' motion.

In response, plaintiff claims that he received only one response to his grievances (namely, the one dated January 27, 2006), and it was not given to him in a timely manner according to the time limits set forth in the grievance procedure. Furthermore, plaintiff states in his response, "plaintiff did file an appeal." (Docket No. 44 at 2). Plaintiff also contends that the grievance forms are "frequently lost, misplaced, or destroyed." (Docket No. 44 at 3). As an example (Pl.'s Ex. C), he submits a copy of a "kite" in which he complained about an unanswered kite submitted two weeks before. In particular, plaintiff notes the response to that kite which states, "I don't know where that kite is I have not seen it. . . ." (Docket No. 44 at 9). The Medical Defendants, however, correctly note in their Reply that plaintiff's Exhibit C has nothing to do with grievances or the facility's grievance procedure because it is a copy of a "kite," which is a medical service request made by an inmate, not a grievance. If the

---

[1] According to the Inmate Handbook, a grievance must be submitted within five working days of the incident or situation upon which the grievance is based. (Docket No. 35-2 at 5).

issues raised in a kite are not addressed to the inmate's satisfaction, then the inmate may file a grievance to seek a remedy.

The Medical Defendants also correctly assert that the plaintiff incorrectly claims that they did not submit any evidence that he actually received copies of each grievance response. The Greenlee Declaration states that written responses, as indicated on the bottom half of each grievance, were provided to the plaintiff for each grievance. (Docket No. 35-2 at 2, ¶ 5). Furthermore, each grievance states on its face the date the response was given to the plaintiff. While plaintiff complains of a delay in receiving one or more of the responses, the delay is immaterial to the exhaustion issue because plaintiff did receive responses to each, and the grievance procedure provides that the inmate's one level of appeal must be filed within five working days. (Docket No. 35-2 at 2, ¶¶ 6-7 and at 6). The grievance procedures make no exception when a response was not provided to the inmate within a certain time frame.

"When raising an affirmative defense in a motion for summary judgment, "[t]he defendant . . . must demonstrate that no disputed material fact exists regarding the affirmative defense asserted.' . . . 'If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact.' . . . 'If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is entitled to summary judgment as a matter of law.'" Sparks v. Foster, 241 Fed. Appx. 467, 472, 2007 WL 1748509, at *4 (10th Cir. 2007) (quoting Hutchinson v. Pfeil, 105 F.3d 562, 564 (10th Cir. 1997)). Significantly, plaintiff here has not come forward with any evidence that he appealed any of the five grievances. He merely

makes a statement in his response that he filed an appeal to the response to one of the grievances. That statement was not made under oath. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(e), except the mere pleadings themselves . . . . ." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The absence of any evidence, other than plaintiff's allegation in his response, is insufficient. Sparks, 241 Fed. Appx. at 474; Maclary v. Carroll, 142 Fed. Appx. 618, 2005 WL 1883843 (3rd Cir. Aug. 9, 2005) (In response to an affidavit stating the inmate plaintiff filed no grievances concerning the conditions at issue, the inmate merely responded that he filed unanswered and unprocessed grievances and letters to prison officials, but he did not offer any support for those bare assertions. Court found his opposition to defendants' summary judgment motion did not create a genuine issue for trial.); Brooks v. Conway, 2007 WL 951521, at *4 (W.D.N.Y. Mar. 28, 2007) (Inmate plaintiff's "bald and conclusory assertions" that the defendants lost his grievance papers were, without more, insufficient to avoid summary judgment on plaintiff's claim based on failure to exhaust.). See Sparks v. Rittenhouse, 2007 WL 987473, at *6 (D. Colo. Mar. 29, 2007) (Court cannot consider the factual assertions by the plaintiff in his brief for purposes of determining whether he can establish a constitutional violation.). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) ("[W]hen a properly supported motion for summary judgment is made, the adverse party 'must set forth *specific* facts showing that there is a genuine issue for trial.'") (emphasis added); Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17 (1970) (unsworn statement submitted in support of a motion for summary judgment

does not meet the requirements of Fed. R. Civ. P. 56(e)).

Although defendant Meketa moved to dismiss rather than for summary judgment, he did raise the issue of non-exhaustion in his motion. Based upon the findings above concerning exhaustion of administrative remedies, the court recommends that summary judgment be entered for Meketa *sua sponte* or that his motion to dismiss be granted on the basis of the plaintiff's failure to exhaust. Plaintiff has had adequate notice and sufficient opportunity to address the issue of exhaustion raised in the Medical Defendants' motion to dismiss or for summary judgment. See Wilcox v. Raintree Inns of Am., Inc. 76 F.3d 394, 1996 WL 48857, at *2 (10th Cir. Feb. 2, 1996) (Table, Text in WestLaw); David v. City & County of Denver, 101 F.3d 1344, 1358-59 (10th Cir. 1996); Hand v. Matchett, 957 F.2d 791, 794 n.2 (10th Cir. 1992); Graham v. City of Oklahoma City, 859 F.2d 142, 144-45 (10th Cir. 1988); O'Loughlin v. The Pritchard Corp., 972 F. Supp. 1352, 1362 (D. Kan. 1997). Based upon this finding and recommendation, Maketa's additional bases for dismissal will not be addressed.

**RECOMMENDED** that the County Defendant's [defendant El Paso County Sheriff Terry Maketa] Motion to Dismiss (Docket No. 20) be granted and/or that summary judgment be granted to defendant Maketa *sua sponte*. It is further

**RECOMMENDED** that the Medical Defendants' Motion to Dismiss, or in the Alternative Motion for Summary Judgment, for Failure to Exhaust Administrative Remedies (Docket No. 35) be granted.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file**

**written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: February 15, 2008　　　　　　　　　　　　s/ Michael J. Watanabe  
　　　　Denver, Colorado　　　　　　　　　　　　Michael J. Watanabe  
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge