IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–00417–EWN–MJW

KEITH CLAYTON BROOKS JR.,

    Plaintiff,

v.

RON JOHNSON, Physician's Assistant,
JUDY FENDER, Administrator,
CORRECTIONAL HEALTHCARE MANAGEMENT, and
EL PASO COUNTY SHERIFF, TERRY MAKETA,

    Defendants.

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

    This matter is before the court on a recommendation filed by the assigned United States magistrate judge (#63). The recommendation is that summary judgment be granted in Defendants' favor on Plaintiff's entire civil rights case. The recommendation is based on the conclusion that the facts demonstrate a failure to exhaust administrative remedies.

    Plaintiff has objected to the recommendation. His objections are all premised on a misunderstanding concerning the applicable legal standard and the procedural posture of the case. Hence, the court will begin by reiterating the legal standard.

    The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the motion before the court and magistrate judge is viewed as

dispositive or non-dispositive. For dispositive matters, such as motions to dismiss or for summary judgment, a district court assessing a magistrate judge's findings of fact and recommendations for disposition must make a "de novo determination of those portions of the report . . . to which objection is made." *See* 28 U.S.C.A. § 636(b)(1) (West 2007); Fed. R. Civ. P. 72(b). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989).

As for summary judgment, the court employs the same standard as the magistrate judge did. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2008); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e)(2) (2008). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is

"genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

Here, failure to exhaust administrative remedies is an affirmative defense. *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). The burden to plead and prove the failure to exhaust these remedies is on Defendants. *Roberts v. Barraras*, 484 F.3d 1236, 1240–41 (10th Cir. 2007). When raising an affirmative defense in a motion for summary judgment, "[t]he defendant ... must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil,* 105 F.3d 562, 564 (10th Cir.1997) (citing *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 [10th Cir.1965]). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id.* "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is entitled to summary judgment as a matter of law." *Id.*

With these standards in mind, the court now turns to Plaintiff's objections. He first objects in general to the sworn declaration of Charles C. Greenlee submitted in support of Defendants' motion. Plaintiff argues that Mr. Greenlee lacks personal knowledge of the handling of Plaintiff's five grievances. The court has reviewed the Greenlee declaration, together with the

copy of the grievance procedures and the copies of the five grievances attached thereto. While the Greenlee declaration might have been more precisely drafted with an eye to technical evidentiary foundation requirements, the court is satisfied that Greenlee is competent to testify and that much of his testimony is offered to authenticate the documents attached to the declaration and supply a foundation for their admissibility. Specifically, Greenlee declares that he is the legal advisor to the El Paso County sheriff. As the legal officer he is clearly familiar with the grievance procedures. He also demonstrates personal knowledge concerning the normal handling of grievances. He authenticates the five grievances in question. In the court's view, he lays a sufficient foundation for these as business records, Fed. R. Evid.803(6) — especially since Plaintiff does not appear to challenge authenticity. Most important, in the court's view, a fair and reasonable reading of paragraph seven of his declaration is that his examination and retrieval of the business records concerning the five grievances disclosed no record of an appeal, which one would have expected to see in regularly-kept records had an appeal been taken. This justifies an inference of "nonoccurrence or nonexistence" of an appeal from any grievance. *See* Fed. R. Evid. 803(7). For these reasons, the fact that Greenlee did not handle each grievance is irrelevant.

Plaintiff's second main objection is that Defendants have failed to demonstrate his receipt of the grievances, which would trigger the appeal process. The court disagrees. Each grievance on its face states the date the grievance was delivered to Plaintiff. The court sees no reason to read the documents any other way. Although Plaintiff vigorously pursues the argument that he never received four of the grievances, he has produced no sworn testimony or other evidence to support the argument, even though the magistrate judge implicitly warned him of this omission.

Defendants have met their burden on summary judgment to demonstrate receipt, and Plaintiff has produced no evidence from which the court could infer a factual dispute.

Plaintiff next objects that he did appeal grievance #1 by filing grievance #2 within the five-day appeal period. He maintains that they pertain to the same subject matter. This is a contrived attempt to reconstruct history. A comparison of the grievances suffices to show that they relate to different incidents and that the second simply cannot be construed as an appeal of the first.

Plaintiff's final objection is that his appeal should be excused somehow because grievances are frequently misplaced, lost, or destroyed. He points out that two of the grievances here were the subject of delayed responses. He far overstates his evidence. Two delayed grievances — delayed for reasons that are not apparent from the record — hardly demonstrate that grievances are frequently lost, misplaced, or destroyed.

The court has conducted the requisite *de novo* review of the issues, the record, and the recommendation. Based on this review, I have concluded that the recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED.
2. The motions to dismiss (##20, 35), treated as motions for summary judgment, are GRANTED.
3. Plaintiff's case is hereby DISMISSED for failure to exhaust administrative remedies.

DATED this 31st day of March, 2008.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge